# In The United States Court of Federal Claims

No. 12-715 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed:   November 29, 2012)

———————

SEAN ALLICOCK,

                Plaintiff,

    v.

THE UNITED STATES,

                Defendant.

———————

**OPINION and ORDER**

———————

On October 19, 2012, Sean Allicock (plaintiff) filed a complaint seeking injunctive relief allowing him to remain in the United States (with all the rights, privileges, and liberties granted to naturalized citizens).   If that relief is unavailable, he seeks $2 million for civil rights violations.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction.   *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).   This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney.   *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).   Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment.   *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491.   This court lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision.   *See, e.g.*, *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir.

1993).   Nor does it hear claims involving immigration matters.   *See* 28 U.S.C. §1491; *Telemaque v. United States*, 2011 WL 2582201, at *4 (Fed. Cl. June 29, 2011); *see also Kucana v. Holder*, 130 S.Ct. 827, 833 (2010) (discussing, *inter alia*, 8 U.S.C. § 1229a).   Moreover, to the extent that plaintiff's complaint predicates his claims on the First and Eleventh Amendments, the court lacks jurisdiction to grant relief since those amendments do not provide a basis for a money judgment. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Cox v. United States,* 105 Fed. Cl. 213, 217 (2012) (same); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (Eleventh Amendment).   And though this court can consider claims under the Eight Amendment, *see Morse Diesel Int'l, Inc. v. United States*, 79 Fed. Cl. 116, 129 (2007), plaintiff asserts no claims involving excessive bail.   This court, therefore, lacks jurisdiction over all claims made by the plaintiff.

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

2